UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-634-FDW

| MARC HUBBARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | |
| BARRY BARNETTE, | ) | ORDER |
| J. MARK HAYES, | ) | |
| ALAN WILSON, | ) | |
| JUDGES OF THE SPARTANBURG | ) | |
| COUNTY COURT OF | ) | |
| COMMON PLEAS, | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's claim for relief pursuant to petitions for a writ of habeas corpus, filed pursuant to 28 U.S.C. §§ 2241 and 2254, and a motion to stay a South Carolina state criminal proceeding pursuant to 28 U.S.C. § 2251.

## I. BACKGROUND

**A. Procedural History**

According to Petitioner, he is a resident of Cornelius, North Carolina, which is located within the Western District, and he was indicted on September 28, 2012, by a grand jury in Spartanburg County, South Carolina, with securities fraud in violation of South Carolina Code § 35-1-501 and § 35-1508(a)(1).[1] Following the return of his indictment, Petitioner was arrested and released on a $50,000 bond pending trial.

Petitioner filed a pretrial motion to dismiss the indictment in July 2013, citing the State of

---
[1] In sum, Petitioner was charged with taking more $20,000 from Paul Ventresca for the alleged purpose of promoting an Alicia Keys concert. (3:14-cv-634, Doc. No. 1-3: Indictment at 2-3).

1

South Carolina's "lack of extra-territorial jurisdiction as grounds." (Id., Doc. No. 1: Petition ¶ 8). The State opposed the motion contending that Petitioner should properly assert such a claim for relief through a motion for directed verdict. The motion to dismiss came on for hearing before the South Carolina state court on December 6, 2013, and the court issued an order denying Petitioner's motion on December 11, 2013. Petitioner appealed to the South Carolina Court of Appeals, and the appeal was dismissed after the court of appeals found that it was interlocutory, observing that such an appeal was impermissible under South Carolina law. On April 29, 2014, the court of appeals remanded the case to the trial court for further proceedings. (Id. ¶¶ 8-15).

On September 29, 2014, another South Carolina grand jury returned a second indictment this time charging Petitioner with two counts: one for obtaining property by false pretenses, in violation of S.C. Code § 16-13-240, and a second count for breach of trust, in violation of S.C. Code. § 16-13-230. Petitioner remains free on bond, and he has an expected trial date in Spartanburg County on or about January 26, 2015.

In the motion to dismiss, Petitioner provided his summary of the State's evidence arguing that the State failed to adduce any proof that any of the allegedly fraudulent conduct actually occurred in South Carolina. Petitioner acknowledges that he and the complainant, Mr. Ventresca, who is a resident of Pennsylvania, and Petitioner engaged in a series of business transactions during the eight month time period alleged in the indictment that is from on or between January 16, 2008, and September 11, 2008. (Id., Doc. No. 1-4: Motion to Dismiss at 4). However, Petitioner contends that none of the transactions were executed in South Carolina, rather he argues that the State's discovery documents specify transactions which were executed solely in other states and each of the transactions were to be governed by the law of either Florida or Pennsylvania.

The State countered in its reply to the motion to dismiss, that there was "abundant"

2

evidence that Petitioner, at the time he entered into the transaction during the eight month time span alleged in the indictment, was indeed operating from South Carolina. The State argued that the evidence provided in the discovery to Petitioner demonstrates that he "operated a business within South Carolina during the time period relevant to the Indictment, directed at least some of the profits from his transaction to South Carolina, solicited additional funds to be sent to a South Carolina address, and possessed a residence within South Carolina." (Id., Doc. No. 1-5: State's Reply at 5-7). The State further contends that Petitioner operated an entertainment venue in Spartanburg, South Carolina, "The Club," and this operation appeared to be his primary place of business, and that Petitioner operated a business, Castle Entertainment, Inc., which was incorporated in South Carolina, and listed its primary business address as that of The Club in Spartanburg. The State also asserted that Petitioner "funneled vast sums of money into the Castle business." (Id. at 7). In arguing to deny the motion to dismiss, the State contended that the trial court should be concerned with the existence of evidence to support territorial jurisdiction, rather than weight of any such evidence.

As noted, the trial court denied the motion to dismiss following a hearing, and the South Carolina Court of Appeals declined to reach the merits of the motion, choosing instead to focus on whether it was procedurally barred from considering the appeal. The court of appeals concluded that because there was no final judgment entered in the case, then the appeal was interlocutory and must be dismissed. (Id., Doc. No. 1-9: Order at 2) (finding that a criminal defendant is generally precluded from appeal until sentence is imposed).

**B.     Federal Proceeding**

In this federal proceeding, Petitioner first contends that South Carolina's prosecution violates his federal constitutional rights. Specifically, Petitioner cites the Sixth Amendment which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to

a speedy and public trial, by an impartial jury **of the State and district wherein the crime shall have been committed** . . . (Id., Petition at 10) (emphasis in Petition). Petitioner also cites Article III, § 2, cl. 3 of the U.S. Constitution which provides, as relevant here, that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." (Id.). In his claim for relief, Petitioner argues this Court should grant his writ of habeas corpus because South Carolina has exceeded its authority in prosecuting him because none of the alleged criminal acts occurred in, or affected South Carolina.

Next, Petitioner argues that this Court should stay the South Carolina proceedings until the Court can rule on the merits of the federal habeas proceeding. Petitioner asserts that federal habeas review is proper because although Petitioner has not been convicted, or even proceeded to trial, he is nevertheless in custody because he is under a bond order issued by the State of South Carolina which contains certain restrictions.

## II. DISCUSSION

### A. Federal Habeas Relief

1. Section 2254 Cases

Rule 4 of the Rules Governing Section 2254 Cases provides that district courts must promptly examine § 2254 petitions, and any attached exhibits and must dismiss the petition if it is plain that a petitioner is entitled no relief. A federal court may not grant a petition for habeas relief of a person that is in custody based on the judgment issued by a State court unless a petitioner can show that:

(A) the applicant has exhausted the remedies available in the courts of the State;

or

(B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Petitioner is under a bond order issued by a state court in Spartanburg County, South Carolina, and he notes that the South Carolina order subjects him to certain restrictions, however Petitioner's bond order is not a final judgment as there is no indication that he could not apply for less restrictive bond conditions. Last, Petitioner contends that he is in custody pursuant to the State bond order issued in South Carolina, and any application for federal habeas relief from this order should proceed, if at all, in the Federal District Court in Spartanburg. Petitioner's § 2254 petition will be dismissed without prejudice.

2. Section 2241 Petition

A writ of habeas corpus may not be granted to a prisoner unless, as is pertinent here, he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The § 2241 petition should be denied for two reasons. First, although Petitioner states that he resides within this district he is under a bond order which was issued by a state court in South Carolina. Thus, it is not clear that this Court has jurisdiction to grant relief even if he were so entitled. See 28 U.S.C. § 2241(a) (a district court may grant a writ of habeas corpus within its respective jurisdiction).

Moreover, as is plain from the record filed in this matter, Petitioner's argument is one that depends exclusively on this Court finding that there is a <u>complete</u> absence of evidence that at least some of his alleged actions giving rise to the conduct charged in the indictment occurred in South Carolina. That is something the state trial court expressly declined to do after noting that no conclusive determination could be made pretrial at that time, and the South Court of Appeals declined to reach the merits of Petitioner's arguments because his appeal was interlocutory,

5

meaning the issue of whether the State had territorial jurisdiction was not finally settled.

It is not the province of this Court – based on the paucity of information that has been presented – to reach the merits of an argument that the Petitioner may present anew before the South Carolina courts, again, whether pretrial with additional evidence, at trial, through a motion for a directed verdict, or on direct appeal. Finally, if Petitioner stands convicted following direct appeal, and exhaustion of remedies, then he would be entitled to pursue § 2254 relief in the Federal District Court in Spartanburg.

3.  Stay of Proceedings

Petitioner asks that his South Carolina criminal prosecution be stayed pending the resolution of his federal habeas claims. 28 U.S.C. § 2251(a) provides that a district court "before whom a habeas corpus petition is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court . . ." The Supreme Court has articulated a three-part test to be applied in determining whether interference with a state judicial proceeding is appropriate. First, there must be ongoing state judicial proceedings. Second, the ongoing state proceedings must raise important state interests and finally, a litigant must be afforded an adequate opportunity to pursue federal claims within the state proceedings. See Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (internal citation omitted) (discussing Younger v. Harris, 401 U.S. 37 (1971)). A federal court is not permitted to grant injunctive relief to a plaintiff while State criminal proceedings are pending "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903-04 (4th Cir. 1996) (Younger, 401 U.S. at 43-44).

In the present case, the state trial judge declined to rule on the merits of his motion to dismiss because the record was incomplete and the court found that it could not rule "at this time . . . as a matter of law, that the indictment must be dismissed upon an assertion the State is

exercising extraterritorial jurisdiction." (3:14-cv-634, Doc. No. 1-7: Order at 4). Petitioner claims that he has no adequate state remedy and that he is under a bond order which places him under certain restrictions that would be enforceable by the state court in South Carolina.

The first two prongs of the Younger test are undoubtedly met, as is the third prong because Petitioner can continue to present his federal challenges in the state proceedings. For example, in his quest for § 2241 relief, Petitioner contends quite vaguely that a writ of habeas corpus should issue because Petitioner is left to "languish in state custody under bond restrictions in violation of his Due Process rights for the duration of the state court proceedings." (Doc. No. 1: Petition ¶ 66). However, as Petitioner observes, he has not waived his right to renew his federal constitutional arguments regarding jurisdiction at another time in the State proceedings and the trial court's order denying a pretrial motion to dismiss appears to leave open that very possibility of revisiting the issue upon presentation of more evidence. (Id.).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 petition is **DENIED** without prejudice.

2. Petitioner's motion to stay is **DENIED** without prejudice.

3. Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is

denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to terminate this civil case.

**IT IS SO ORDERED.**

Signed: December 18, 2014

Frank D. Whitney
Chief United States District Judge